## Shedwick, Appellant, v. Prospect Methodist Episcopal Church.

*Equity—Costs—Deed—Mutual mistake—Reconveyance.*

Where by mutual mistake there is included in a deed of gift to a church more land than the parties intended, and the grantee, after a demand is made for a reconveyance, makes no effort to ascertain the facts, or to obtain information from those who represented it in the negotiation for the property, but forces the grantor to resort to a bill in equity for a reconveyance, all of the costs of the equity suit should be borne by the grantee.

Argued Feb. 5, 1894. Appeal, No. 455, Jan. T., 1893, by plaintiff, James C. Shedwick, from decree of C. P. Delaware Co., Dec. T., 1890, No. 3, on bill in equity for reconveyance of land. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Decree amended.

Bill in equity for reconveyance.

The case was referred to J. B. Hinkson, Esq., as master, who reported that the land for which the reconveyance was asked had been included in a deed of gift to the church defendant by mutual mistake, and recommended a decree of reconveyance and a division of the costs between the parties equally.

Plaintiff and defendant both filed exceptions as to the costs, which were disposed of by the court below in the following opinion by CLAYTON, P. J.:

" This is a bill in equity to reform a deed in which, by mutual mistake, a wrong lot was included. The evidence sufficiently sustains the report of the master, and also pretty clearly shows that the mistake was the result of negligence on the part of the plaintiff in signing the deed without reading it. The evidence fails to show any fault, negligence or improper conduct on the part of the defendants. The defendants, being a

corporation, could only act by and through the agents of the society.  These agents supposed the church had purchased the lot described, and proceeded to take possession of it.  While the plaintiff is entitled to have his deed reformed, he, being the cause of the mistake, must have it corrected at his own costs. We cannot see how the defendants could well do other than they did.  They simply denied all knowledge, and required that the plaintiff should prove his allegations.  In their repre- sentative capacity they could not safely do less.  If the proof had been made that the defendants knew of the mistake and obstinately refused to correct it, the costs might, with proprie- ty, be placed upon them, but it clearly appears that the corpo- ration had no knowledge upon the subject.  The report of the master is confirmed, except upon the question of costs, which are directed to be paid by the plaintiff."

• *Errors assigned* were, (1–4) disposition of exceptions, and decree as to costs, quoting exceptions.

*W. B. Broomall*, for appellant, cited : 2 Dan. Ch. Pr., p. 1381 ; 4 A. & E. Ency. L., p. 322 ; Biddle's Ap., 19 W. N. 219 ; Cole- man v. Ross, 46 Pa. 180.

*Isaac Johnson*, for appellee, cited : Grim v. Walbert, 155 Pa. 147 ; Greenfield's Est., 14 Pa. 489 ; Martinsburg Bank v. Tel- ephone Co., 150 Pa. 39.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 26, 1894 : There cannot be any doubt as to the correctness of the body of the decree reforming the deed so as to exclude lot number two hundred and eighty-nine (289)—which the grantor evi- dently never agreed or intended to donate and convey to the grantee—and thus make it what both parties at first intended it should be, a conveyance of lots two hundred and eighty-five (285), two hundred and eighty-six (286), two hundred and eighty-seven (287) and two hundred and eighty-eight (288). The only complaint is as to the last clause of the decree where- in it is " ordered, adjudged and decreed that the plaintiff pay the costs of this suit."  The learned master reported in favor of a decree imposing one half of the costs on each of the par- ties, but the court thought that the inclusion of lot two hundred

and eighty-nine (289) in the deed, as executed and delivered, was due to the negligence of the plaintiff in signing and delivering the deed without reading it. It should be remembered, however, that on application of two members of defendant's committee, plaintiff agreed to donate to the church three lots, and a few days afterwards on application of one member of the committee he agreed to add to his gift lot two hundred and eighty-eight (288). In that negotiation it was mutually understood that the defendant would have the deed prepared and presented for execution. This was done; but, by some unexplained mistake, lot two hundred and eighty-nine (289) was included, and the plaintiff, having entire confidence in the integrity and accuracy of the church people and their scrivener, who appears to have been one of them, executed and delivered the deed in the firm belief that it was correct. The mistake was doubtless mutual, as the learned master has found, and was not discovered until about ten years thereafter. It was then defendant's duty to resort to every means of information within its reach, for the purpose of ascertaining whether the mistake, of which it was informed by plaintiff, had in fact been made. If its own records did not furnish the desired information, it should have applied to those by whom it was represented in the negotiation for the property. The two members of the committee, George B. Russell and James E. Thomas, who called on plaintiff and negotiated the gift, were both within reach, but it does not appear that defendant, or any one in its behalf, applied to them or either of them for information. Both of these gentlemen were before the master, and by their testimony corroborated the plaintiff and sustained his averment of mistake in the preparation of the deed. If that information had been sought and obtained in the outset, as it evidently might and should have been, we cannot believe the defendant would have hesitated to voluntarily correct the mutual mistake. That would have ended the matter, as it should have been, without the expense incident to the litigation which a different line of policy necessitated. Instead of doing what in the circumstances should have been done, the defendant, actuated at least by a spirit of indifference, intrenched itself behind the deed and called upon the plaintiff to make full proof of the alleged mutual mistake. He accepted the burden and proved the fact

in issue to the entire satisfaction of the learned master and the court below. The finding of the master is not even questioned in this court. It is virtually conceded to be correct.

In view of all the circumstances, we are unable to see any reason for departing from the ordinary rule in equity, that the successful party is entitled to costs. On the contrary, we think there are good reasons why the rule should be enforced. That may be done by substituting the word "defendant" for the word "plaintiff" in the last line of the decree. As thus amended, the decree is affirmed, with costs, including the costs of this appeal, to be paid by the defendant.